**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Duarte Islas, Jr., | No. CV-17-00307-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge D. Thomas Ferraro's Report and Recommendation ("R&R"), wherein he finds that none of Petitioner's claims were properly exhausted in state court and recommends this Court dismiss his Petition for Writ of Habeus Corpus ("Petition"). Doc. 20. Petitioner filed a timely objection to the R&R (Doc. 21) and Respondents responded thereto (Doc. 22). For the following reasons and after independent review, this Court will adopt the findings and conclusions of the R&R and dismiss the Petition in this matter.

## **Standard of Review**

Federal Rule of Civil Procedure 72(b) provides that a party may serve and file *specific* written objections to a magistrate's proposed findings and recommendations. Fed. R. Civ. P. 72(b) (emphasis added). The district court, in turn, is obliged to make a de novo determination of any portion of the magistrate's disposition to which a *specific* objection is made. *Id*.

Congress created the position of magistrate judges to assist district courts in

discharging the heavy workload of the federal judiciary. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985). An obvious purpose of this authorized delegation was judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties. *Thomas*, 474 U.S. at 147–52. However, there would be no efficiency in referring matters to magistrate judges for R&Rs if district courts must subsequently review said matters de novo whenever an objecting party merely repeats arguments rejected by the magistrate. Accordingly, this Court joins with others that have concluded it is appropriate, under Fed. R. Civ. P. 72(b), to overruled general objections advanced without specific reference to the subject R&R or its analysis. *See Sullivan v. Schiro*, 2006 WL 1516005, *1 (D. Ariz. 2006) (collecting cases).

**Analysis**

Here, the Court finds Petitioner has failed to make specific written objections warranting de novo review of all the issues raised and briefs. Rather than pointing to some inaccuracy in the magistrate's recitation of the Background of this matter or some fault in his legal analysis, Petitioner has instead used his opportunity to object to summarily deny that his claims are procedurally defaulted and to re-urge the substance of those claims. See Doc. 21 at 2-4.

While the absence of proper objections does not relieve this Court of its duty to review Magistrate Judge Ferraro's conclusions of law, *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996), after independent review, the Court finds that Magistrate Judge Ferraro correctly articulated and applied the law governing procedurally defaulted claims. Furthermore, and on the whole, the Court finds the R&R to be well-reasoned and thorough. As such,

**IT IS ORDERED**:

1. Magistrate Judge Ferraro's R&R (**Doc. 20**) is **ACCEPTED AND ADOPTED,** over Petitioner's objection (Doc. 21), as the findings of fact and conclusions of law of this Court.

2. The Petition in this matter (**Doc. 1**) is **DISMISSED**.

3. The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

Dated this 21st day of August, 2018.

_____
Honorable Raner C. Collins
Chief United States District Judge